UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAKIA SMART,

          **Plaintiff,**          Case No.

vs.

ASSOCIATION LAW GROUP, P.L.;

          **Defendant.**

_____/

## COMPLAINT

Plaintiff, Takia K. Smart, files her complaint against Association Law Group, P.L. and hereby states as follows:

1. This is an action for damages brought by an individual consumer for Association Law Group's violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA") and for Defendant's violation of the Florida Consumer Collection Practices Act, Chapter 559 (FCCPA).

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) which grants the United States District Court jurisdiction to hear this action without regard to the amount in controversy.

3. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. §1391(b) because Association Law Group, P.L. transacts business in this district and because the events at issue took place in this district.

4. Plaintiff Takia Smart ("Smart") is an individual over the age of eighteen and at all times material hereto the owner of real property described as Lot 22, Block 2 of

SHORES AT KEY GATE in Plat Book 161, Page(s) 37, of the Public Records of Miami-Dade County, Florida (the "Property").

5. Defendant, Association Law Group, P. L. ("ALG"), is a for-profit entity with its principal place of business at 1200 Brickell Avenue, Miami, Florida 331331 that, through its lawyers and employees, regularly collects debts due to another in Florida.

**GENERAL ALLEGATIONS**

6. At all times relevant hereto, ALG is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Florida Statutes §559.55(6).

7. ALG regularly uses interstate mail while engaging in businesses the principal purpose of which is the collection of debts, directly or indirectly from consumers that are alleged to be due to another.

8. At all times relevant hereto, ALG attempted to collect a debt, specifically, assessments and other fees that Smart is allegedly obligated to pay Keys Gate Community Association, Inc (the "Debt") pursuant to the AMENDED AND RESTATED DECLARATION OF MASTER COVENANTS FOR KEYS GATE ("Declaration").

9. At all times relevant hereto, Defendant is a "person" pursuant to Florida Statutes §559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4 DCA 2002).

10. At all times relevant hereto, the Debt was a consumer debt, incurred primarily for personal, household or family use.

11. At all times relevant hereto, Smart is a "debtor" or "consumer" as those terms are defined in FDCPA §1692a(3) and Florida Statutes §559.55(8).

2

12. At all times relevant hereto, ALG's interactions with Smart with regard to the Debt qualify as "communications" as defined by 15 U.S.C. §1692a(2) and Florida Statutes §559.55(2).

13. At all times relevant hereto, ALG acted itself or through its agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, or insurers.

14. All conditions precedent to the bringing of this action have been performed, waived, or excused.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. On or about January 21, 2016, ALG sent Smart a Notice of Intent to Record a Claim of Lien ("Notice"), a debt collection communication, with respect to the Debt. The Notice of Intent is attached hereto as **Exhibit A**.

16. On information and belief, the Notice was the first debt collection communication that ALG sent Smart about the Debt.

17. The Notice stated that it was the "Association's notice of intent to record a Claim of Lien" against the Property unless the amounts listed in the Notice were paid in full.

18. The Notice stated that a total of $22,356.12 was due as of January 15, 2016,. *Id*. The Notice also indicated that $5,958.09 had accumulated from "[i]nterest due through **June 29, 2010**." *Id*. (emphasis added). In other words, the Notice suggested that nearly $6,000.00 in interest accrued in a less than a one-month period since Smart's first missed payment on June 1, 2010.

19. Moreover, the Notice sought late fees, interest, certified mail charges, and other costs some or all of which on information and belief are not authorized by or calculated in accordance with Florida law and/or the relevant Declaration.

20. The Notice stated:

> OUR LAW FIRM MAY BE DEEMED A DEBT COLLECTOR UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT. NOTWITHSTANDING THE ABOVE-REFERENCED 45 DAY TIME PERIOD WITH RESPECT TO FILING A CLAIM OF LIEN, IF YOU DO NOT NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT OR ANY PORTION THEREOF, IS DISPUTED, OR YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE.**

21. On or about March 30, 2016, ALG sent another debt collection communication (the "Delinquent Assessments Letter"). The Delinquent Assessments Letter is attached as **Exhibit B**. The Delinquent Assessments Letter states that "a Claim of Lien has been filed against your property because you have not paid the maintenance, special and/or individual assessments to the Association."

22. In fact, the Claim of Lien was not recorded against the Property until April 6, 2016. The Claim of Lien is attached as **Exhibit C**.

23. Moreover, The Delinquent Assessments Letter stated that the total amount owed was $22,749.92, and that attorneys' fees and costs had been and would be incurred and added to the account. However, that is a different amount than was identified in the Notice without a breakdown of how the new amount was reached.

4

24. Moreover, the Delinquent Assessments Letter sought to collect late fees, interest, certified mail charges, and other costs some or all of which on information and belief are not authorized by or calculated in accordance with Florida law and/or the Declaration.

25. On or about April 6, 2016 ALG recorded a lien on the Property. Exhibit C.

26. On or about October 28, 2016, ALG filed a two-count complaint. *See* attached **Exhibit D**.

27. The Complaint seeks to foreclose an invalid lien and collect debt that is barred by the applicable statute of limitations and which secures debt that consists of late fees, interest, and other costs some or all of which on information and belief are not authorized by or calculated in accordance with Florida law and/or the relevant homeowners association declaration.

28. On or about April 6, 2017 Smart requested a detailed ledger of her account.

29. On or about April 24, 2017 ALG sent Smart an "Estoppel," a debt collection communication because it was in response to a request for how much was owed, which indicated the amount then owing was $34,689.52. The Estoppel is attached hereto as **Exhibit E**.

30. The Estoppel indicated the amount due to the Association through May 15, 2017 was $29,818.46 and reflected Attorneys' Fees and Costs of $4,871.06 incurred since an unknown date, with a total owing of $34,689.52.

31. The Estoppel represented an increase of over $12,000.00 owing since the last communication that ALG had with Smart approximately one year prior without any

5

explanation or breakdown of same or differentiation between assessments, late fees, fines, attorneys' fees, interest, or costs.

32. The Estoppel included a purported Ledger dated April 12, 2017. The Ledger is attached hereto as **Exhibit F**. What appears to be a cover page of the Ledger indicates an amount owing of $30,613.50. That amount does not match either the amount in the Estoppel, or the amount of the lien that was recorded in 2016.

33. The Ledger itself indicates a balance on April 1, 2017 of $29,855.74, a number more than the amount claimed due three weeks hence, through May 15, 2017.

34. The communications from ALG sought to wrongly accelerate amounts owed by Smart by claiming amounts were subject to collection that had not yet become due; that is, May 2017 assessments at the time of the Estoppel letter.

35. Moreover, after Smart requested verification of the Complaint, she was in possession of documentation that indicated three different amounts owing without any accounting or explanation of the discrepancy.

36. Smart was served with the Complaint in or around early June, 2017.

37. The Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel, and Ledger represent baseless and different amounts owed.

38. ALG's conduct, as described herein, is a knowing, willful, and continuing violation of Smart's rights, as enumerated under the FDCPA and the FCCPA.

39. Smart retained Kershner Sledziewski Law, LLC as counsel for the purpose of pursuing this matter against ALG, and Smart is obligated to pay her attorneys a reasonable fee for their services.

40. Florida Statutes §559.77 provides for the award of up to $1,000.00 statutory damages per independent violation plus actual damages, punitive damages, and an award of attorneys' fees, and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

41. United States Code Title 15 §1692k(a)(2)(A) provides for an award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendants.

42. Any and all necessary conditions precedent to the bringing of this action have either occurred or have been excused by ALG.

43. Smart contends that the illegal action of the Defendants has harmed the Plaintiff, resulting in mental anguish, humiliation, a loss of reputation, and expenditures for attorneys' fees, filing fees and other costs.

## COUNT ONE:
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C. §1692e(2)(A)

44. Smart realleges all previous paragraphs herein, and incorporates the same as if fully re-written.

45. ALG is subject to, and has violated provisions of 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

46. Specifically, on information and belief, ALG misrepresented the amount of debt that Smart was obligated to pay in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger.

47. The amount of interest that was calculated exceeded the amount permitted by Florida Statutes and the relevant homeowners association declaration.

7

48. The amount of late fees charged exceeded the amount permitted by Florida Statutes and the relevant homeowners association declaration.

49. ALG misrepresented the amount of interest and/or late fees that were owed in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger. **Additionally,** the Notice dated June 21, 2016 suggested that Smart owed over $5,958.09 for interest due through June 29, 2010, even though, as of June 29, 2010 Smart would only have owed one month's payment.

50. ALG misrepresented the amount of the debt because at least some portion of the amounts provided in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger were calculated in violation of Florida Statutes and/or the homeowner association documents.

51. ALG misrepresented the legal status of the debt because at least some portion of the amounts provided in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger were barred by the relevant statute of limitations

52. ALG misrepresented the amount owed by claiming baseless and differing amounts in various communications, which would be misleading and confusing to the least sophisticated consumer.

53. Additionally, ALG misrepresented the legal status of the Debt in the Delinquent Assessments Letter because the Delinquent Assessments Letter stated that a lien had been filed against the Property securing the Debt despite that the lien was not actually recorded against the Property until April 6, 2016.

54. As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C. §1692e(5)

55.     Smart realleges all previous paragraphs herein, and incorporates the same as if fully re-written.

56.     ALG is subject to, and has violated the provisions of 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

57.     Specifically, in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger, ALG threatened to enforce a lien that could not be legally enforced because on information and belief, it secured amounts attributable to unauthorized and miscalculated charges and fees.

58.     Additionally, in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger, ALG threatened to enforce a lien that secured a debt that was, at least in part, barred by the relevant statute of limitations.

59.     The Estoppel sought to wrongly accelerate amounts owed by claiming amounts were subject to collection that had not yet become due; that is, May 2017 assessments at the time of the Estoppel letter in April 2016.

60.     As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C. §1692e(10)

61. Smart realleges all previous paragraphs herein, and incorporates the same as if fully re-written.

62. ALG is subject to, and has violated the provisions of 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

63. Specifically, the warning in the Notice was **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE."**

64. The appropriate warning is **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

65. The language is deceptive because it suggests that only information voluntarily provided by the consumer will be used in relation to the debt, when in fact the debt collector would use any information provided *or* obtained to collect the debt.

66. Additionally, as set forth above, ALG provided false representations of the amount of debt that Smart was obligated to pay in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger.

67. The continuing communications, even when issued at or near the same time, vary markedly and significantly in the amounts they claim owed, which is deceptive to the least sophisticated consumer.

68. As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR: FAIR DEBT COLLECTION PRACTICES ACT VIOLATION OF 15 U.S.C. §1692e(11)

69. Smart realleges paragraphs 1-43 herein and incorporates the same as if fully re-written.

70. ALG is subject to and has violated 15 U.S.C. §1692(e)(11) by failing to disclose in its initial written communication with Smart that ALG was attempting to collect a debt and that any information obtained will be used for that purpose.

71. As set forth above, the warning in the Notice was **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION PROVIDED WILL BE USED FOR THAT PURPOSE."**

72. The appropriate warning is **"THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

73. The language is confusing and misleading to consumers because it suggests that only information voluntarily provided by the consumer will be used in relation to the debt, when in fact the debt collector would use any information provided *or* obtained to collect the debt.

74. As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Association Law Group for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C. §1692ga(1)

75. Smart realleges paragraphs 1-43, and incorporates the same as if fully re-written.

76. ALG is subject to, and has violated provisions of 15 U.S.C. §1692g(a)(1) by falsely representing the amount of the Debt in the Notice.

77. The Notice stated that interest as of June 29, 2010 was $5,958.09 even though that amount had not actually accrued as of that date.

78. The Notice stated that interest as of June 29, 2010 was $5,958.09 which amount was calculated in violation of Florida Statutes and/or the homeowner association documents.

79. The Notice states that the Late Fees were $1,675.00; however, those late fees falsely represented the true amount of late fees that could be owing because they

were calculated in violation of Florida Statutes and/or the homeowner association documents.

80. The Notice states that, as of January 21, 2016 the Debt is $22,356.12. However, the Ledger states that, as of January 18, 2016 the Debt was $21,877.89, and as of January 28, 2016, the Debt was $22,070.19.

81. The foregoing false representation of the debt would be misleading to the least sophisticated consumer. As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Defedant Association Law Group for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C. §1692ga(5)

82. Smart realleges all previous paragraphs herein and incorporates the same as if fully re-written.

83. ALG is subject to, and has violated the provisions of 15 U.S.C. 1692g(a)(5) by failing to provide a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

84. Specifically, in the Notice, ALG stated:

> "IF YOU NOTIFY US IN WRITING WITHIN 30 DAYS THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, OR YOU REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, WE WILL OBTAIN VERIFICATION OF THE DEBT

AGAINST YOU AND MAIL A COPY TO YOU AND PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR."

85. As written, the word "WRITING" only applies to the debtor disputing the debt. "WRITING" does not apply to the request for the name and address of the original creditor. The least sophisticated consumer could thus be lead to believe that disputing the debt must be made in writing, but requesting the name and address of the original creditor could be made orally.

86. As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C. §1692f(1)

87. Smart realleges all previous paragraphs herein and incorporates the same as if they were fully re-written.

88. ALG is subject to and has violated 15 U.S.C. §1692f(1) by collecting an amount (including interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by the agreement that created the debt and is not permitted by law.

89. Specifically, ALG recorded a lien securing an obligation to pay the Debt that was A) not allowed by Florida Statutes or Declaration; and B) was, at least in part, barred by the statute of limitations.

90. Additionally, ALG filed a two-count complaint in an attempt to collect an amount that was not permitted by contract or by law and sought to collect Debt that a) was not allowed by Florida Statutes or the Declaration and b) was at least in part, barred by the statute of limitations.

91. As a direct and proximate result of ALG's actions, Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Takia Smart requests this Court enter a judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT EIGHT:
### UNFAIR AND UNLAWFUL DEBT COLLECTION PRACTICE
### VIOLATION OF FLORIDA STATUTE §559.72(9)

92. Smart realleges paragraphs 1-44 and incorporates the same as if they were fully re-written.

93. ALG has violated Florida Statute §559.72(9) by continually and repeatedly claiming, attempting, and threatening to enforce a debt when it knew that the Debt was not legitimate.

94. Specifically, in the Notice, Delinquent Assessments Letter, Claim of Lien, Complaint, Estoppel and Ledger, ALG intentionally threatened to enforce a debt that it knew was for the incorrect amount.

95. The Notice states that, as of January 21, 2016 the Debt is $22,356.12. However, the Ledger states that, as of January 18, 2016 the Debt was $21,877.89, and as of January 28, 2016, the Debt was 22,070.19.  On information and belief, all claimed amounts were misrepresentations of the amount that Smart actually owed and were calculated in violation of Florida Statutes and/or the homeowner association documents.

96. Similarly, the Delinquent Assessments Letter states that, as of March 30, 2016, $22,747.92 was due. Yet, this is different from the amount that was provided in both the Notice and the Ledger for that date. On information and belief, all three were misrepresentations of the amount that Smart actually owed and were calculated in violation of Florida Statutes and/or the homeowner association documents.

97. Additionally, ALG stated the existence of a legal right when it knew that the right did not exist. The Delinquent Assessments Letter states that a lien had been filed against the Property. Yet, the lien was not actually filed against the property until April 6, 2016.

98. ALG knew that the lien had not actually been filed against the property because ALG filed the lien against the Property on April 6, 2016.

99. As a direct and proximate result of Defendant's actions, Smart has sustained damages as defined by Florida Statutes §559.77.

WHEREFORE, Plaintiff requests this Court enter a Judgment against Defendant Association Law Group, P.L. for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Smart hereby gives notice to ALG and demand that ALG and all its affiliates and employees safeguard all relevant evidence—paper, electronic documents, or data pertaining to this potential litigation as required by law.

**TAKIA SMART DEMANDS TRIAL BY JURY**

Dated: September 26, 2017

Respectfully submitted,

/s/ Junilla Sledziewski
Junilla Sledziewski, Esq. (FBN 072043)
Kershner Sledziewski Law, LLC
9 W. Washington St., Ste. 400
Chicago, Illinois 60602
Ph  312.252.9777
junilla@kslawchicago.com
*Counsel for Plaintiff*